52 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JOHN W. MOORE OF J. MOORE DEFINITIVES and the John W. Moore
Lectureship, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5015.
 United States Court of Appeals, Federal Circuit.
 April 4, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 PER CURIAM.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' August 11, 1994 order dismissing John W. Moore's complaint, in part, for failure to state a claim on which relief can be granted and, in part, for lack of jurisdiction. Moore submits a document labelled "Motion for a Procedural Order."
 
 The trial court's August 11 order stated:
 
 2
 Plaintiff is a pro se litigant who seeks leave to proceed here in forma pauperis to assert claims for both monetary and injunctive relief. His complaint, though largely incomprehensible, appears to assert causes of action alleging the Government's (i) unlicensed use of his ideas and (ii) infringement of his product trademark.
 
 
 3
 The motion to proceed in forma pauperis is allowed. However, the complaint sets forth no grounds for relief in this court. Specifically, plaintiff does not claim to own a patent protecting an invention embodying his ideas; hence his claim of unlicensed use implicates no protected property interest. Accordingly, there is no basis for compensation under 28 U.S.C. Sec. 1498(a) (1988 & Supp. IV 1992). As to the claim of trademark infringement, the matter sounds in tort and thus falls outside our jurisdiction altogether. Lockridge v. United States, 218 Ct.Cl. 687, 688 (1978).
 
 
 4
 For the reasons stated, the Clerk is directed to: (1) permit the complaint to be filed without payment of filing fees and other court costs and (ii) enter judgment dismissing the complaint, in part, for failure to state a claim on which relief can be granted and, in part, for lack of jurisdiction.
 
 
 5
 Summary affirmance is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of an appeal exists. Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, summary affirmance is appropriate. We have reviewed Moore's complaint and find it unintelligible. In any event, we cannot discern from the complaint a basis for jurisdiction of the Court of Federal Claims.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The United States' motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.
 
 
 9
 (3) All pending motions are moot.